UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAWN M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 16-501 (RJL) |
| | ) | |
| ABBOTT LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER
March 30, 2017 [Dkt. # 16]

**FILED**

MAR 31 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Shawn Smith ("plaintiff" or "Smith") filed this action alleging that Abbott Laboratories' ("defendant" or "Abbott") EAS 100% Whey Protein product is packaged with "non-functional slack-fill," which it contends is a deceptive trade practice under the D.C. Consumer Protection Procedures Act ("DCCPPA"). D.C. CODE § 28-3905(k)(2). Smith seeks monetary damages for himself, but seeks injunctive relief on behalf of the general public. Compl. ¶¶ 37-38 [Dkt. #1-1 at 8]. Although Smith filed suit in the Superior Court for the District of Columbia, Abbott removed the case to this Court on the grounds that diversity jurisdiction exists under 28 U.S.C. § 1332(a) and § 1441, or in the alternative, that the case is a removable class action under 18 U.S.C. § 1332(d). Notice of Removal ¶¶ 10–24 [Dkt. # 1]. Smith moved to remand the case to the Superior Court on the grounds that the (1) amount in controversy does not meet the $75,000 jurisdictional threshold to establish diversity jurisdiction, and (2) is not a removable class action. Upon consideration of the parties' pleadings and the relevant law, and for the following reasons, I conclude that Abbott has failed to meet its burden of establishing

federal jurisdiction, and will GRANT Smith's motion and remand the case to the Superior Court.

## STANDARD OF REVIEW

The party seeking to remove a case to federal court bears the burden of proving that jurisdiction exists. *Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 297 (D.D.C. 2005); *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 69 (D.D.C. 2014). Courts should construe the scope of their removal power narrowly out of respect for federalism concerns, and remand is necessary whenever there is an ambiguity or doubt about the existence of federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 101 (D.D.C. 2008); *Hood v. F. Hoffman-La Roche Ltd.*, 639 F. Supp. 2d 25, 28 (D.D.C. 2009).

## ANALYSIS

I conclude that there is no federal jurisdiction over Smith's complaint, and the case must be remanded to the Superior Court. As an initial matter, plaintiff's action is not a removable class action. Smith has brought a representative DCCPPA action on behalf of the general public. Although he seeks money damages for himself, he asks for injunctive relief on behalf of the general public. Courts in this District have repeatedly held that representative DCCPPA actions are not removable as class actions. *See, e.g., Breakman* 545 F. Supp. at 101 (D.D.C. 2008) ("[T]his [DCCPPA] representative action is authorized by [D.C.] statute and is a separate and distinct procedural vehicle from a class action."); *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 137 (D.D.C. 2010) ("[T]he plain language of the [DC]CPPA expressly authorizes suits . . . that are

2

brought on behalf of the general public without imposing any requirement that the suit meet the strictures of Rule 23."). *See also Margolis v. U-Haul Int'l, Inc.*, 2007 CA 0052452009, D.C. Super LEXIS 8 at * 4 (D.C. Sup. Ct. Dec. 17, 2009) (holding that plaintiff need not seek class certification or comply with Superior Court Rule 23 for "claims under the CPPA for damages in his individual capacity and for injunctive relief both as an individual and in a representative capacity as a private attorney general.").

Abbott also fails to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Although there is complete diversity between the parties, Abbott has not established that the amount-in-controversy exceeds $75,000. Abbott states that the total cost of compliance with Smith's requested injunction would exceed $ 75,000. Notice of Removal, ¶¶ 14–16. However, the overwhelming weight of authority within the District indicates that defendants seeking to remove DCCPA actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court. *See Snyder v. Harris.* 394 U.S. 332, 336 (1969) (discussing doctrine that "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement"). *See Breakman*, 545 F. Supp. 2d at 105–06 (holding that DCCPPA defendant could not rely on total cost of injunctive compliance to meet jurisdictional amount); *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 4 (D.D.C. 2015) ("[F]or defendants to carry their burden to establish the amount-in-controversy, they must show that the costs of the injunction that run to each plaintiff individually exceed the jurisdictional amount.").

Abbott argues that the D.C. Court of Appeals' 2015 decision in *Rotunda v. Marriott* requires all representative DCCPPA actions to comply with the D.C. Superior Court's Rule 23, which governs class action procedures. 123 A.3d 980 (D.C. 2015). Under Abbott's theory, this means that the District Court's earlier cases addressing the removability of DCCPPA actions are abrogated, and Smith's Complaint is either a removable class action or an individual action in which Abbott can attribute the entire cost of injunctive compliance to him alone.

Abbott reads *Rotunda* too broadly. Although *Rotunda* held that DCCPPA representative actions for money damages must comply with Rule 23, the decision was limited solely to suits for money damages and did not address representative actions for purely injunctive relief. 123 A.3d at 985, 986, 988–89. In order to establish jurisdiction, Abbott asks me to extend *Rotunda*'s holding to a subset of cases it did not reach. I decline to do so here. Because federalism principles dictate that the removal power should be construed narrowly, and any ambiguity counsels in favor of remand, I find that the Court lacks jurisdiction over Smith's Complaint. As a result, it is hereby

**ORDERED** that plaintiff's Motion to Remand is **GRANTED**, and it is further

**ORDERED** that the Clerk shall **REMAND** the case to the Superior Court for the District of Columbia; and it is further

**ORDERED** that plaintiff's request for attorney's fees is **DENIED**.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge